Sanford R. Landress, OSB #81438
Email: sanford.landress@greenemarkley.com
Sherri D. Martinelli, OSB #023829
E-mail: sherri.martinelli@greenemarkley.com
Greene & Markley, P.C.
1515 SW Fifth Avenue, Suite 600
Portland, OR 97201
Telephone: (503) 295-2668
Facsimile: (503) 224-8434
    Attorneys for Plaintiff

UNITED STATES BANKRUPTCY COURT

DISTRICT OF OREGON

| | |
|---|---|
| In re<br><br>John Patrick McGinn, Jr.,<br><br>        Debtor.<br><br>―――――――――――――――<br><br>Robert Nyman, individually and as trustee of Riverside, a Ministerial Trust,<br><br>        Plaintiff,<br><br>        v.<br><br>John Patrick McGinn, Jr.,<br><br>        Defendant. | Case No. 12-65254-fra7<br><br>Chapter 7<br><br><br>Adversary Proceeding<br>No. 13-06021-fra<br><br><br>**PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT** |

    Plaintiff, Robert Nyman, respectfully submits the following in support of its Motion for Summary Judgment and for entry of a finding that his claim is nondischargeable pursuant to 11 USC § 523.

### **MEMORANDUM OF POINTS AND AUTHORITIES**

    In direct violation of a cease and desist order issued by the State of Washington, Department of Financial Institutions, Securities Division ("WADFI") which prohibited

Page 1 of 14 - **PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

**GREENE & MARKLEY, P.C.**
**1515 S.W. Fifth Avenue, Suite 600**
**Portland, OR 97201**
**Telephone: (503) 295-2668**
**Facsimile: (503) 224-8434**

Case 13-06021-fra    Doc 18    Filed 08/01/13

Defendant from soliciting investment funds without a license, Defendant offered investment and broker services to Plaintiff. One year later, Defendant had lost all of Plaintiff's money and defaulted on a $255,000 promissory note signed by the parties. Pursuant to 11 USC § 523(a)(19), Defendant cannot discharge Plaintiff's claim in bankruptcy because the debt is the violation of an "order issued under state ... securities laws" and results from a "judgment" stemming from a state court complaint for violation of these same securities laws. 11 USC § 523(a)(19).

Additionally, Defendants' debt is non-dischargeable pursuant to § 523(a)(2) based upon the Defendant's failure to close material facts in connection with the $255,000 promissory note. Indeed, Defendant never informed Plaintiff that the WADFI had issued a Cease and Desist Order against him finding that he had failed to disclose to investors that: (1) he was not licensed, despite the fact that his investment activities required a license under Washington state law; and (2) the risky nature of the kind of securities in which he invested including the past performance of his investments. Had Defendant informed Plaintiff of these findings by the WADFI, or at the very least, that he had recently been investigated by the WADFI and that a Cease and Desist Order had been issued against him, Plaintiff would not have provided Defendant with money to invest in exchange for a promissory note.

Finally, Defendant is barred from re-litigating the findings by the WADFI as to whether he violated certain Washington state securities laws and whether he was required to disclose certain material information to investors as set forth in the cease and desist order. Specifically, collateral estoppel is applicable where: (1) the issues to be determined are identical to those in the prior proceeding; (2) the party to be estopped was a party to the prior proceeding; (3) the prior proceeding ended in a final judgment on the merits; and (4) no injustice will result. Here, the WADFI issued a final administrative order against Defendant who was a party to the proceeding. The cease and desist order

Page 2 of 14 - **PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

GREENE & MARKLEY, P.C.
1515 S.W. Fifth Avenue, Suite 600
Portland, OR 97201
Telephone: (503) 295-2668
Facsimile: (503) 224-8434

Case 13-06021-fra    Doc 18    Filed 08/01/13

contains several determinations regarding the same issues that are directly relevant here. Further, it is undisputed that Defendant had notice and an opportunity to defend the allegations against him by the WADFI. As a result, Defendant is bound by the findings of the WADFI as set forth in its final order.

Based upon the foregoing, Plaintiff is entitled to summary judgment on its complaint for non-dischargeability including a finding that his claim is not dischargeable pursuant to 11 USC §§ 523(a)(19) and 523(a)(2).

## BACKGROUND FACTS

In 1999, Plaintiff attended two public seminars in Bellevue, Washington, put on by Defendant in connection with a company known as Earned Freedom Investments ("EFI"). Deposition of John McGinn ("McGinn Depo."), p.7:7-8:16; Request for Judicial Notice ("RJN"), Ex. A, (Findings of Fact ¶ III); Declaration of Robert ("Nyman Dec."), ¶2. At these seminars, Defendant offered financial advice and investment services to the attendees.

On or about October 31, 2001, the State of Washington Department of Financial Institution, Securities Division issued an Entry of Findings of Fact and Conclusions of Law and Final Order to Cease and Desist ("Cease and Desist Order") against Defendant stemming from the financial advice and investment services which Defendant had promoted to individual investors at his public seminars. The Cease and Desist Order precluded Defendant from offering and/or selling securities and providing investment services in any manner in violation of RCW 21.20.020 through RCW 21.20.040. *See* RJN, Ex. A.

In connection with the investment services that Defendant had offered, the WADFI concluded that Defendant made the following representations to potential investors: (1) he had "special" knowledge and "expertise" in trading and selecting investments; (2) approximately 90% of his trades were profitable and that he had made large sums of

Page 3 of 14 - **PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

**GREENE & MARKLEY, P.C.**
1515 S.W. Fifth Avenue, Suite 600
Portland, OR 97201
Telephone: (503) 295-2668
Facsimile: (503) 224-8434

Case 13-06021-fra    Doc 18    Filed 08/01/13

money for his investment clients; (3) he was committed to generating a high monthly return on investor deposits; (4) consistently high rates of return were possible because of the kinds of trading activity that he engaged in and the strategies he employed; (5) he could make money "regardless of prevailing market conditions"; and (6) investors could "turn the stock market into a business" by opening an account with EFI. *See* RJN, Ex. A, (Findings of Fact ¶ III-V); Nyman Dec., ¶3. The WADFI also found that Defendant emphasized to investors the near infallibility of his strategies such as trading in anticipation of favorable earnings announcements and inferring a stock split when a company scheduled a meeting of its shareholders. RJN, Ex. A, (Findings of Fact ¶ V); McGinn Depo. p. 16:20-17:9.

On or about August 2, 2002, Plaintiff met with Defendant at his office in Kirkland, Washington for the purposes of investment and return of profit. *See* Nyman Dec., ¶4. At the meeting, Defendant told Plaintiff that he would invest the money provided and would generate an approximate 4.5% monthly return (as set forth in the promissory note and personal guarantee). *See* Nyman Dec., ¶4; RJN, Ex. A. Defendant also emphasized, as he had in the seminars, that because of the kinds of trading strategies that he employed, Plaintiff's investment was at "minimal risk." *See* Nyman Dec., ¶4. Defendant never informed Plaintiff at the August 2, 2002 meeting, or at anytime prior thereto, that: (1) the WADFI had recently issued a Cease and Desist Order against him; (2) he was not licensed, despite the fact that his investment activities required a license under Washington state law; and (3) the risky nature of the kind of securities in which he invested. *See* Nyman Dec., ¶6-7.

As a result of the statements made by Defendant at the seminars and in several conversations in connection with the August 2, 2002 meeting, Plaintiff agreed to provide defendant with money for the purposes of generating a profit or return in exchange for a $255,000 promissory note ("Promissory Note"). *See* Nyman Dec., ¶5, Ex. A. However,

Page 4 of 14 - **PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

GREENE & MARKLEY, P.C.
1515 S.W. Fifth Avenue, Suite 600
Portland, OR 97201
Telephone: (503) 295-2668
Facsimile: (503) 224-8434

Case 13-06021-fra    Doc 18    Filed 08/01/13

on or about August 2, 2003, Defendant defaulted under the terms of the Promissory Note. *See* McGinn Depo., p.62:24-63:10; Nyman Dec., ¶8.

On April 3, 2009, Plaintiff filed suit against Defendant dba EFI in King County Superior Court for the State of Washington for fraud and violation of Washington Security regulations RCW 21.20.020 through RCW 21. 20.040. *See* RJN, Ex. B. On or about December 9, 2009, Plaintiff and Defendant (and EFI) entered into a settlement agreement at a mediation/settlement conference conducted by the Honorable Gerard M. Shellan. *See* Nyman Dec., ¶10.

On or about May 25, 2010, Plaintiff filed a Motion for Order Enforcing CR 2A Settlement Agreement and For Entry of Judgment, because Defendant had failed to make any of the payments required under the terms of the Settlement Agreement. *See* Nyman Dec., ¶11. On or about June 9, 2010, the Honorable Timothy A. Bradshaw of the King County Superior Court entered judgment in favor of Defendant against Plaintiff (and EFI) in the amount of $245,000 with interest at 12%. *See* RJN, Ex. C.

## ARGUMENT

**A.    Standard for Granting Summary Judgment.**

Federal Rule of Civil Procedure 56(c) authorizes summary judgment if no genuine issue exists as to any material fact and the moving party is entitled to judgment as a matter of law. *Phoenix Elec. Co. v. Nat. Elec. Contractors Assn.*, 867 F. Supp. 925, 933 (D. Or. 1994). The moving party must show the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). When the moving party shows the absence of a genuine issue of material fact, the non-moving party must go beyond the pleadings and show that there is a genuine issue for trial. *Id*. at 324. No genuine issue for trial exists where the record as a whole could not lead the trier of fact to find for the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). Summary judgment is proper in the instant matter because Plaintiff can establish

Page 5 of 14 - **PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

GREENE & MARKLEY, P.C.
1515 S.W. Fifth Avenue, Suite 600
Portland, OR 97201
Telephone: (503) 295-2668
Facsimile: (503) 224-8434

Case 13-06021-fra    Doc 18    Filed 08/01/13

that, as a matter of law, his debt is non-dischargeable pursuant to 11 USC §§523(a)(19) and 523(a)(2).

**B.     Plaintiff's Claim is Non-dischargeable Pursuant to 11 USC §523(a)(19).**

Bankruptcy Code Section 11 USC 523 (a)(19) excepts from discharge any debt procured through:

> (19) that—
>
>  (A) is for—
>
>>  (i) the violation of any of the Federal securities laws [ ... ], any of the State securities laws, or any regulation or order issued under such Federal or State securities laws; or
>
>>  (ii) common law fraud, deceit, or manipulation in connection with the purchase or sale of any security[.] ... and
>
>  (B) results, before, on or after the date from which the petition was filed, from –
>
>>  (i) any judgment, order, consent order, or decree entered in any Federal or State judicial or administrative proceeding;
>
>>  (ii) any settlement agreement entered into by the debtor ...

11 USC § 523(a)(19).

The plain language of § 523(a)(19) excepts a debt from discharge that (1) arises from "the violation of . . . any of the state securities laws"; and (2) results from either a "judgment, order, consent order, decree" in any administrative proceeding or a "settlement agreement" entered into by debtor ...[.]" The legislative intent is "to help defrauded investors recoup their losses." S. Rep. 107-146 at 10 (E.R. 148); *see also* 148 Cong. Rec. S 7418 (new exception is meant "to prevent wrongdoers from using the bankruptcy laws as a shield and to allow defrauded investors to recover as much as possible") (E.R. 194). Further, the legislative history of § 523(a)(19) indicates that the provision is intended to apply broadly. *In re Cancelosi*, 456 B.R. 515, 522 (Bankr. D. Or. 2011) (*citing In re Gibbons*, 289 B.R. 588, 593 (Bankr. S.D.N.Y. 2003).

Page 6 of 14 - **PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

GREENE & MARKLEY, P.C.
1515 S.W. Fifth Avenue, Suite 600
Portland, OR 97201
Telephone: (503) 295-2668
Facsimile: (503) 224-8434

Case 13-06021-fra    Doc 18    Filed 08/01/13

In the instant matter, there is no question that the debt owed by Defendant to Plaintiff, satisfies the requirements of § 523(a)(19) rendering the debt non-dischargeable.

1. *The Debt Arises From a Violation of a Cease and Desist Order.*

First, the debt at issue in this proceeding arises from a violation of state securities laws including the violation of a cease and desist order. Specifically, the WADFI had issued a cease and desist order against Defendant on October 31, 2001, stemming from a violation of several securities regulations, including inter alia, RCW 21.20.040 (selling securities an/or providing investment services while not properly registered or licensed in the state of Washington) and RCW 21.20.020 (failing to properly segregate and identify individual investors money and securities and by omitting material information about the past performance of his investments). RJN, Ex. A (Conclusions of Law ¶ I-III).

The Cease and Desist Order precludes Defendant from the following unlawful activities: (1) "offering and/or selling securities and providing investment services in any manner in violation of RCW 21.20.040 [selling securities or offering investment services without a license]"; (2) "fraudulent conduct in connection with investment services" in violation of RCW 21.20.020; and (3) other "certain acts and practices by investment advisers" in violation of RCW 21.20.030. However, despite the issuance of the Cease and Desist Order, Defendant continued to solicit funds and offer investment services to potential investors under substantially the same facts and circumstances without a license. *See* Nyman Dec., ¶4-7, Ex. C (letter of solicitation); McGinn depo., p.19:21-22:11; 28:23-29:14.

Indeed, in direct violation of the Cease and Desist Order, Defendant solicited funds from Plaintiff for investment purposes via a December 2001 letter wherein Defendant informed Plaintiff of a new "exciting opportunity" with "consistent returns above 3%" in the currency market. *See* Nyman Dec., ¶¶4,15, Ex. C; McGinn depo. p.68:15-71:20. Thereafter, Plaintiff met Defendant at his office in Kirkland, Washington for the purpose of

Page 7 of 14 - **PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

**GREENE & MARKLEY, P.C.**
1515 S.W. Fifth Avenue, Suite 600
Portland, OR 97201
Telephone: (503) 295-2668
Facsimile: (503) 224-8434

Case 13-06021-fra    Doc 18    Filed 08/01/13

investing money with the Defendant. *See* Nyman Dec., ¶¶4,14, Ex. B (Defendant admits that Plaintiff provided him with the money for "investment purposes").

At the meeting, Defendant represented that he would invest Plaintiff's money in the stock and currency markets and would generate a guaranteed 4.5% monthly return. *See* Nyman Dec., ¶4. Indeed, Defendant admitted in deposition that Plaintiff was aware that the funds that he provided were going to be invested by Defendant. McGinn Depo., p.87:11-18 (admitting that Plaintiff expected that he would invest the money). Thus, there is no question that Defendant's actions with respect to Plaintiff violated the Cease and Desist Order.

### 2. *The Debt Results From a State Court Judgment.*

Additionally, the debt also results from a state court judgment entered against Defendant. On April 3, 2009, Plaintiff filed a Complaint in Washington State court, for fraud and violation of Washington Security regulations RCW 21.20.020 through RCW 21.20.040. *See* RJN, Ex. B. The parties settled the action on December 9, 2009. *See* Nyman Dec., ¶10. However, shortly thereafter, Plaintiff was forced to file a motion to enforce the settlement agreement and for entry judgment because Defendant had failed to make payment thereunder. On or about June 9, 2010, a judgment was entered in state court against Defendant in the amount of $245,000 with interest at 12%. *See* RJN, Ex. C. Accordingly, it is undisputed that the debt "results from" a "judgment" for purposes of § 523(a)(19).

Moreover, the fact that the judgment was not directly authorized by the Cease and Desist Order, does not preclude the application of § 523(a)(19). In *In re Civiello*, the court found that although the creditor's damages had not been authorized by the cease and desist order issued by state securities regulators, the debt was nonetheless nondischargeable. *In re Civiello*, 348 B.R. 459, 466 (Bankr. N.D. Ohio 2006). In so holding, the court reasoned that because under Ohio law investors were entitled to recover the purchase price of the

Page 8 of 14 - **PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

GREENE & MARKLEY, P.C.
1515 S.W. Fifth Avenue, Suite 600
Portland, OR 97201
Telephone: (503) 295-2668
Facsimile: (503) 224-8434

Case 13-06021-fra    Doc 18    Filed 08/01/13

subject transactions, the debt at issue "resulted from" a qualifying order, even though the order itself did not contain an award of damages. *Id*. The Washington securities laws similarly allow such a recovery, thus the debt here "results from" the order.

### C. Plaintiff's Debt is Also Non-Dischargeable Under Section 523(a)(2)(A).

Plaintiff can also demonstrate that his debt is non-dischargeable pursuant to 523(a)(2)(A) for money obtained through fraud. In the Ninth Circuit, non-dischargeability under section 523(a)(2)(A) requires a creditor to prove each of five elements:

(1) that the debtor made false representations;

(2) that at the time he knew they were false;

(3) that he made them with the intention and purpose of deceiving the creditor;

(4) that the creditor justifiably relied on such representations; and

(5) that the creditor sustained alleged loss and damage as the proximate result of such representations.

*In re Sabban*, 384 BR 1 (9th Cir BAP 2008).

Additionally, in *In re Evans*, the court held that a failure to disclose a material fact could constitute a basis for non-dischargeability pursuant to §523(a)(2)(A). *In re Evans*, 181 B.R. 508, 514-15 (Bankr. S.D. Cal. 1995). In so holding the court stated as follows:

> The Court will now address the plaintiff's alternative § 523(a)(2)(A) contention that the debtor by intentionally failing to disclose material facts ... was guilty of fraud and therefore the debt must be excepted from discharge for this additional reason. Fraud may consist, as the debtor contends, of concealment or intentional nondisclosure, as well as affirmative misrepresentations. "It is well recognized that silence, or the concealment of a material fact, can be the basis of a false impression which creates a misrepresentation actionable under § 523(a)(2)(A)." (citations omitted) "It is hornbook law that the concealment of a material fact may be the equivalent of a false representation and be sufficient upon which to predicate a charge of fraud." (citations omitted). Thus, to prevail in a fraud

Page 9 of 14 - **PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

**GREENE & MARKLEY, P.C.**
1515 S.W. Fifth Avenue, Suite 600
Portland, OR 97201
Telephone: (503) 295-2668
Facsimile: (503) 224-8434

Case 13-06021-fra    Doc 18    Filed 08/01/13

> action, the plaintiff must establish that the debtor concealed facts and that the facts concealed were material. Concealed facts are material if "a reasonable man would attach importance to the alleged omissions in determining his course of action."

*In re Evans*, 181 B.R. 508, 514-15 (Bankr. S.D. Cal. 1995).

The holding in *In re Evans*, is controlling here. Plaintiff's debt is non-dischargeable because Defendant "concealed facts and [] the facts concealed were material." *Id*. Specifically, despite the fact that a Cease and Desist Order had been issued against him only months earlier, Defendant never informed Plaintiff of this fact during any of the several conversations he had with Plaintiff up to and at the August 2001 meeting. Nyman Dec., ¶7; McGinn Depo. p.61:13-62:8 (acknowledging accuracy to transcript of 341 creditor's meeting [Complaint Ex. 2]).

Further, Defendant never disclosed any of the material facts set forth in WADFI's Cease and Desist Order including that: (1) he was not licensed, despite the fact that his investment activities required a license under Washington state law; (2) he had violated several Washington state securities laws; (3) he had made statements that were false and misleading to investors; and (4) he failed to disclose the risky nature of the kind of securities in which he invested. *See* RJN, Ex. A (Findings of Fact and Conclusions of Law); s*ee* Nyman Dec., ¶7-8. These material facts, if disclosed to Plaintiff, would have affected his decision to provide investment funds to Defendant in exchange for the Promissory Note. Nyman Dec., ¶7-8. Moreover, these facts would undoubtedly effect the decision making of a reasonable person.

**D. Collateral Estoppel Bars Defendant from Re-litigating the Issues Decided by the WADFI.**

Defendant is also collaterally estopped from relitigating the WADFI's findings on the issues set forth in the Cease and Desist Order. To establish collateral estoppel in a bankruptcy proceeding, the court must look to the law of the state in which the judgment

Page 10 of 14 -**PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

GREENE & MARKLEY, P.C.
1515 S.W. Fifth Avenue, Suite 600
Portland, OR 97201
Telephone: (503) 295-2668
Facsimile: (503) 224-8434

Case 13-06021-fra    Doc 18    Filed 08/01/13

was entered. *In re Nourbakhsh*, 67 F.3d 798, 800 (9th Cir. 1995). The applicable state law here is that of Washington.

Under Washington law, a party seeking preclusive effect must establish: (1) the issue decided in the earlier proceeding was identical to the issue presented in the later proceeding; (2) the earlier proceeding ended in a judgment on the merits; (3) the party against whom collateral estoppel is asserted was a party to, or in privity with a party to, the earlier proceeding; and (4) application of collateral estoppel does not work an injustice on the party against whom it is applied. *See Reninger v. State Dep't of Corr.*, 134 Wash. 2d 437, 450 (1998)

    *1.    The issues in the two proceedings are identical.*

In order to establish collateral estoppel, it must first be demonstrated that the issues decided in the prior adjudication are identical to those presented in the immediate action. *Malland v. Department of Retirement Sys.*, 103 Wn. 2d 484 (1985). The WADFI made the following determinations as set forth in the Cease and Desist Order: (1) Defendant violated several Washington state securities laws; (2) Defendant's solicitation of monies from investors and other investment activities required a license; and (3) Defendant failed to disclose that the kinds of trading strategies that he employed were extremely risky. *See* RJN, Ex. A (Cease and Desist Findings of Fact and Conclusions of Law). Plaintiff seeks to use these same findings here to establish non-dischargeability pursuant to 11 USC §§ 523(a)(19) and/or (a)(2). Since Plaintiff seeks to use the same findings as those set forth in the Cease and Desist Order, the issues are "identical" for purposes of issue preclusion.

    *2.    The earlier proceeding ended in a final judgment on the merits.*

The Cease and Desist Order issued by the WADFI is a "final judgment on the merits" for purposes of collateral estoppel. Specifically, the Cease and Desist Order contains several legal conclusions and is a final agency determination. Moreover, Washington courts have given preclusive effect to final agency determinations where certain factors are present.

Page 11 of 14 - **PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

GREENE & MARKLEY, P.C.
1515 S.W. Fifth Avenue, Suite 600
Portland, OR 97201
Telephone: (503) 295-2668
Facsimile: (503) 224-8434

Case 13-06021-fra     Doc 18     Filed 08/01/13

1 *See Christensen v. Grant Cnty. Hosp. Dist. No. 1*, 152 Wash. 2d 299 (2004) (employee was barred under doctrine of collateral estoppel, from re-litigating tort claim against employer where Public Employment Relations Commission issued administrative decision denying employee's claim of retaliatory discharge for union activities).

### 3. *Defendant was a party to the earlier proceeding.*

Plaintiff seeks to assert collateral estoppel against Defendant. There is no question that Defendant was a party to the earlier proceeding. The WADFI issued the Cease and Desist Order against Defendant "John P. McGinn" concluding that he had violated RCW 21.20.040, RCW 21.20.030, and RCW 21.20.020 and ordering that Defendant "cease and desist" from the aforementioned unlawful activity. RJN, Ex. A (Conclusions of Law, I-III; Order to Cease and Desist).

### 4. *Application of collateral estoppel does not work an injustice on the Defendant.*

Under this final requirement, the court must determine whether application of collateral estoppel will work an injustice on the party against whom the doctrine is invoked. Under Washington law, this requirement is satisfied if the prior proceeding offered an opportunity for a full and fair hearing on the issue. *Christensen v. Grant Cnty. Hosp. Dist. No. 1*, 152 Wash. 2d 299, 307 (2004).

There is no question that Defendant had an opportunity for a full and fair hearing concerning the allegations by the WADFI against him. Indeed, Defendant admitted in deposition that he had received notice of the hearing, but chose not to request a hearing because he believed he was "outside the jurisdiction" of Washington state. McGinn Depo. p. 34:4-36:15. Thus, any argument by Defendant that he failed to receive a full and fair hearing has been waived. *See Fisher v. Allstate Ins. Co.*, 136 Wash. 2d 240, 246 (1998) (default judgment given preclusive effect against insurance carrier where carrier had notice and an opportunity to be heard but did not intervene in matter).

Page 12 of 14 -**PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

**GREENE & MARKLEY, P.C.**
1515 S.W. Fifth Avenue, Suite 600
Portland, OR 97201
Telephone: (503) 295-2668
Facsimile: (503) 224-8434

Case 13-06021-fra    Doc 18    Filed 08/01/13

Finally, Courts must also consider the following factors in determining whether collateral estoppel should apply to an administrative determination: (1) whether the agency acted within its competence; (2) differences between procedures in the administrative proceeding and court procedures; and (3) public policy considerations. *Christensen v. Grant County Hosp. Dist. No. 1*, 152 Wash.2d 299, 307-08 (2004).

Without a doubt, WADFI was acting within its competence; it exists to enforce state securities law and protect the public against violations of state securities law, including issuing cease and desist orders against violators. Further, the hearings conducted by the WADFI are very similar to state court proceedings. Indeed, all parties are given the opportunity to respond, present evidence and argument, conduct cross-examination, and submit rebuttal evidence. *See* RCW 34.05.449. Finally, there have only been a few instances where public policy considerations have prevented collateral estoppel arising from an administrative decision, none of which are applicable here. *See, e.g., State v. Dupard*, 93 Wn.2d 268, 276 (1980).

Accordingly, because Plaintiff can establish that each of the elements for collateral estoppel are present and that the additional factors for administrative proceedings weigh in his favor, under well-established Washington law, the administrative determinations made by the WADFI qualify for preclusive effect. *See Shoemaker v. City of Bremerton*, 109 Wash.2d 504 (1987) (holding that in civil rights action, prior determination by the local civil service commission that police officer plaintiff's demotion was not retaliatory was binding on the federal court under the doctrine of collateral estoppel). As a result, Defendant is estopped from re-litigating the following determinations: (1) Defendant violated several Washington state securities laws as set forth in the Cease and Desist Order; (2) Defendant's solicitation of monies from investors and other investment activities required a license and he was required to disclose to investors his lack of a license; and (3) Defendant failed to disclose that the kinds of trading strategies that he employed were extremely risky.

GREENE & MARKLEY, P.C.
1515 S.W. Fifth Avenue, Suite 600
Portland, OR 97201
Telephone: (503) 295-2668
Facsimile: (503) 224-8434

1    Indeed, the determinations made by the WADFI are relevant, binding and help to
2 establish Plaintiff's claim for non-dischargeability.  Specifically, Defendant never divulged
3 to Plaintiff that he was under a cease and desist order or that Washington state had found
4 that he was in violation of several securities laws.  Moreover, Defendant never informed
5 Plaintiff that he was unlicensed despite the fact that the WADFI had determined that his
6 investment activities required one.  Defendant also failed to disclose the riskiness of the
7 kinds of investments that he planned to employ (which included trading options and foreign
8 currencies) with respect to the money he received from Plaintiff.  Indeed, instead of
9 disclosing the risky nature of his trading practices, Defendant emphasized to Plaintiff, that
10 the kinds of trading strategies employed by him put Plaintiff's investment at "minimal risk."
11 RJN, Ex. A, (Findings of Fact ¶ IV); Nyman Dec., ¶¶4, 6.  As discussed above, these findings
12 establish that Defendant violated the Cease and Desist Order and fraudulently induced
13 Plaintiff to provide him with money in exchange for a promissory not.  Thus, Plaintiff's
14 claim is non-dischargeable pursuant to §§ 523 (a)(19) and 523(a)(2)(A).

## **CONCLUSION**

For these reasons, Plaintiff respectfully requests that this court enter judgment in favor of Plaintiff for a finding that its claim is non-dischargeable pursuant to 11 USC §§ 523(a)(19) and 523(a)(2)A.

DATED this 1st day of August, 2013.

GREENE & MARKLEY, P.C.


By  */s/ Sherri D. Martinelli*
    Sanford L. Landress, OSB #81438
    Sherri D. Martinelli, OSB #023829
    Telephone:  (503) 295-2668
        *Attorneys for Plaintiff*

\G:\Clients\7444\P Memo ISO Motion for summary Judgment 8-1.wpd

Page 14 of 14 -**PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

GREENE & MARKLEY, P.C.
1515 S.W. Fifth Avenue, Suite 600
Portland, OR 97201
Telephone: (503) 295-2668
Facsimile: (503) 224-8434

Case 13-06021-fra    Doc 18    Filed 08/01/13

CERTIFICATE OF SERVICE

I hereby certify that I served the foregoing **PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT** on:

John Patrick McGinn, Jr.
3760 Market Street NE #384
Salem, OR 97301
email: johnmcginn8@gmail.com
*Defendant / Pro-se*

by **mailing** full, true and correct copies thereof in sealed, first-class, postage prepaid envelopes, addressed to the attorneys as shown above at the last known office address of the attorneys, and deposited with the United States Postal Service at Portland Oregon, on the date set forth below.

DATED this 1st day of August, 2013.

/s/ Sherri D. Martinelli
Sanford R. Landress, OSB #81438
Sherri D. Martinelli, OSB #023829
*Attorneys for Plaintiff*

\G:\Clients\7444\P Memo ISO Motion for summary Judgment 8-1.wpd

Page 1 - CERTIFICATE OF SERVICE

GREENE & MARKLEY, P.C.
1515 S.W. Fifth Avenue, Suite 600
Portland, OR 97201
Telephone: (503) 295-2668
Facsimile: (503) 224-8434